[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on March 10, 1982, in Ridgefield, Connecticut. The wife's birth name was Gillian.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
This is the second marriage for both of the parties.
One child was born to the wife during the marriage; to wit, Matthieu Regney, born June 3, 1982. The child is issue of the marriage
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect for reconciliation, and a decree of dissolution is entered.
This is a marriage of sixteen years. The parties, however, have been separated and living apart for about five years.
The husband is seventy-five years of age and in failing health. The wife is fifty years of age and in fairly good health.
The parties have no disputes relative to custody, care and visitation of the minor child, who lives with his mother. There also appears to be no dispute as to the fault of the breakdown. Both attorneys acknowledge in their post trial briefs that fault as to the breakdown of the marriage is not an issue.
The sole issues to be addressed by the court deal with property disposition, alimony and child support. CT Page 3808
For the majority of his life, the husband was a composer and pianist, and during his early and mid-years was quite successful having written "Dominique" and the Christmas carol, "Do You Hear What I Hear?" The royalties from these and other songs have provided a constant stream of income and which will continue for seventy-five years from the death of the author.
The plaintiff is an artist, although she earns no income from this trade. She does show earned income of approximately $50 per week. The court finds that she is capable of working more hours and, in fact, additional hours of employment are available to her. She has declined to work any additional time.
In addition to the royalties paid to the husband, he also receives $1500 per month in Social Security payments. Of this amount, one-quarter is paid to the wife as spousal support and one-quarter is for child dependency support.
The husband has been very generous to his wife since the separation.
The husband created a Revocable Trust on September 19, 1996 which provides, inter alia, that upon his death the net income of the trust be divided one-third to his wife, one-third to Susan Spiegel and one-third to his son, Matthieu. The irrevocable nature of the trust does not ensure that it will not be changed or revoked during the husband's life time. Accordingly, the court will not make any orders in conjunction or in accordance with any of the provisions of the trust.
The court has considered all of the evidence and the legislative mandate of the Connecticut General Statutes with special attention to Connecticut General Statutes §§ 46b-81,46b-82 and 46b-84, and further finds and orders as follows:
1. There shall be joint, legal custody of the minor child, primary residence being with the wife. The husband shall have reasonable, liberal and flexible rights of visitation.
2. The husband shall pay to the wife as child support the sum of $335 per week, which the court finds to be in accordance with the guidelines. This amount should be diminished by the Social Security payment of $80 per week which is paid directly to the wife. The actual amount therefore to be paid by the husband is CT Page 3809 $275 per week.
3. The husband shall pay for the maintenance of health insurance for the child in an amount of $250 per month, which will be paid in advance to the wife. She shall be responsible for obtaining, paying for and providing medical insurance for the child. All unreimbursed medical and dental expenses incurred by the minor child shall be divided equally between the husband and wife.
4. The husband or his estate shall pay to the wife, for so long as she lives, 35 percent of his royalty income as alimony. This alimony shall be non-modifiable as to amount and time. The husband cannot create any instrument during his life or to take effect during the wife's life time which in any way diminishes his interest in the royalty income.
5. The wife shall continue to receive any and all Social Security benefits she is currently receiving on her own account.
6. The husband shall name the wife as irrevocable beneficiary of his life insurance policy in the amount of $100,000 until his death or until March 10, 2003, whichever date first occurs.
7. The husband shall quitclaim all of his right, title and interest in the marital home at 64 Hoyt's Hill, Bethel, Connecticut, to the wife. She shall hold him harmless as to the mortgages, taxes and all other expenses attributed to the ownership of said property.
8. Except as otherwise provided, each party shall retain ownership of all tangible and intangible property now in his or her possession.
9. Each party shall be responsible for his or her own debts and expenses except as hereinafter provided.
10. The husband shall pay to the wife, as an allowance to prosecute, the sum of $5000 within thirty days of the date of this memorandum.
11. The husband shall be entitled to claim the minor child as an exemption for tax purposes for so long as he pays child support. CT Page 3810
Mihalakos, J.